IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-22-368-F |
| ) | |
| JOEL KEENAN LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The defendant, Joel Keenan Lewis, has entered a plea of guilty to violation of 18 U.S.C. § 922(g)(3) (possession of a firearm while an unlawful user of a controlled substance). The § 922(g)(3) violation occurred in January, 2021.

According to the presentence report, on January 23, 2021, Mr. Lewis shot Oklahoma City Police Officer Braden Downs as Officer Downs responded to a domestic incident. This resulted in a prosecution in the District Court of Oklahoma County. In the Oklahoma County case, Mr. Lewis was prosecuted for shooting with intent to kill. The court takes judicial notice of the District Court of Oklahoma County pleadings and docket sheet in that case, CF-2021-401. Mr. Lewis was represented by counsel throughout the Oklahoma County proceedings.

The Oklahoma statute under which Mr. Lewis was prosecuted was 21 O.S. § 652. The subdivision under which he was prosecuted and convicted was subdivision (A), as shown by the Information filed on January 28, 2021. The Information cites subdivision (A) and pleads the elements set forth in that subdivision. Subdivision (A) applies to a "person who *intentionally and wrongfully*

shoots another with or discharges any kind of firearm, *with intent to kill* any person" (emphasis added).    A conviction under that statute would appear to require a high level of actual criminal intent.

The presentence report, relying on defendant's plea of guilty in the Oklahoma County case, proposes a cross-reference to USSG § 2A2.1(a)(2).  PSR, ¶ 19.  The presentence report also proposes a victim-related adjustment, under USSG § 3A1.2(c)(1), also predicated upon the Oklahoma County District Court's adjudication of defendant's guilt following his plea of guilty in Case No. CF-2021-401.

In the addendum to the presentence report, Mr. Lewis takes issue with those portions of the report that are predicated on the proposition that he acted with actual criminal intent on January 23, 2021.  His intent-related assertions appear in his objections to paragraphs 7, 18, 19 and 21.  In that connection, Mr. Lewis asserts that he "could not form the intent to commit murder."  PSR, p. 17.

By order entered on April 8, 2024, the court directed the parties to submit memoranda addressing the question of whether the adjudication of guilt under 21 O.S. § 652(A) in the District Court of Oklahoma County prosecution forecloses litigation, in the sentencing proceedings in this case, of the defendant's criminal intent.  The parties have filed their memoranda.  Doc. no. 77 (defendant); doc. no. 80 (government).

With the benefit of the parties' submissions, the court concludes that <u>Custis v. United States</u>, 511 U.S. 485 (1994), precludes relitigation, at sentencing in this case, of Mr. Lewis's criminal intent (including intent to kill) in the Oklahoma County case.  As the government's memorandum aptly demonstrates, <u>Custis</u> has been applied by the lower courts in straightforward fashion in a variety of situations, including cases in which the defendant sought to relitigate criminal intent.  Where,

as here, the defendant was represented by counsel in the state court case, the state court judgment is impervious to attack at sentencing in a subsequent federal case. This, perforce, precludes relitigation of any fact–such as criminal intent–essential to the state court conviction.

Having determined that Mr. Lewis is foreclosed from relitigating any facts (including intent to kill) essential to the Oklahoma County conviction, the court will note that he correctly cites 18 U.S.C. § 3661 for the proposition that anything relating to his background, character and conduct may be considered for sentencing purposes. Consequently, bearing in mind that Mr. Lewis will not be permitted, at sentencing, to *relitigate* the criminal intent that was necessarily adjudicated in the Oklahoma County case, he remains free to say just about anything he wants to say by way of allocution–and the court remains free to give his assertions such effect (favorable or unfavorable to Mr. Lewis) as may seem appropriate.

The court also notes that defendant suggests that information bearing on his intent may affect the "calculation of his guideline range." Doc. no. 77, at 4-6. Given the conclusions the court reaches in this order, it is difficult to conceive of anything that Mr. Lewis might assert relating to his intent in the Oklahoma County case that would be relevant (at least in a way favorable to defendant) to the court's guidelines calculation. The court intends to proceed on that basis at sentencing. That said, the parties should bear in mind that the sentencing guidelines are advisory only. If defendant presents evidence having a *general* bearing on his mental condition (without contesting the fact of his intent to kill–or any other facts necessarily adjudicated–in the Oklahoma County case), that evidence, if credited, could have a bearing (in terms of what Mr. Lewis calls "the broader context of § 3553," doc. no. 77, at 8) on the question of whether a guideline sentence is warranted. That gives

Mr. Lewis a much narrower opening than he wants, but that is where the law leaves him.

Accordingly, it is **ORDERED** that, at sentencing, the defendant is precluded from relitigating any fact essential to the Oklahoma County conviction, including the existence of the criminal intent (*i.e.*, intent to kill) that was essential to the conviction under 21 O.S. § 652(A).

The court will set this case for sentencing as soon as it may be reached in the ordinary course. The court intends to allot two hours for the sentencing proceedings. If either side believes that more than two hours will be needed, the Courtroom Deputy should promptly be so informed.

DATED this 5th day of June, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0368p026.docx